IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COREY GRIFFIN, # 187418, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:09cv207-TMH |
| ) | (WO) |
| LOUIS BOYD, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 filed by Alabama inmate Corey Griffin ("Griffin"). Griffin challenges his January 2007 conviction for first-degree robbery following a jury trial in the Montgomery County Circuit Court. On February 15, 2007, the trial court sentenced Griffin, as a habitual felony offender, to life in prison.

Griffin filed a direct appeal in which he claimed that (1) the trial court erred in failing to strike for cause certain potential jurors who stated during voir dire that they were acquainted with someone who worked at the district attorney's office and (2) the trial court erred in refusing his requested jury instruction on the lesser-included offense of third-degree robbery. *Exhibit 4 (Appellate Brief) at pp. 20-29.*[1] On December 14, 2007, the Alabama

---

[1] Unless otherwise noted, all references to exhibits are to Respondents' Exhibits.

Court of Criminal Appeals affirmed Griffin's conviction in an unpublished memorandum opinion in which it found that Griffin had failed to preserve either of his claims for appellate review and that, even if he had preserved the claims for review, they were without merit. *Exhibit 6 at pp. 3-7*. Griffin did not file an application for rehearing with the Alabama Court of Criminal Appeals, nor did he file a petition for a writ of certiorari with the Alabama Supreme Court. On January 3, 2008, the Alabama Court of Criminal Appeals issued a certificate of judgment in the case. *Exhibit 7*.

On October 30, 2008, Griffin filed a *pro se* state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure with the Montgomery County Circuit Court (the trial court). *Exhibit 10*. In his Rule 32 petition, Griffin presented the following claims:

1. The prosecution failed to disclose exculpatory evidence to the defense.

2. His conviction was obtained through the prosecution's knowing presentation of perjured testimony.

3. The evidence was insufficient to sustain his conviction for first-degree robbery.

4. His trial counsel rendered ineffective assistance by –

    (a) "fail[ing] to disclose material facts and misrepresentation of material facts to defendant";

    (b) failing to subject the prosecution to a meaningful adversarial challenge;

    (c) failing to challenge the sufficiency of the evidence to support the robbery charge;

>    (d)   failing to object to erroneous jury instructions; and
>
>    (e)   failing to object to the prosecution's use of peremptory strikes to remove jurors based on their race, in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986).

After receiving a response from the State, filed on December 19, 2008 (*Exhibit 11*), the trial court entered an order summarily denying Griffin' Rule 32 petition on December 24, 2008. *Exhibit 12*. The trial court's order reads as follows:

> This matter is before the Court on Petitioner's Petition For Relief From Conviction Or Sentence, filed pursuant to Rule 32, *A.R.CR.P.*, and the State's Answer to Petition for Relief [and] Motion to Dismiss. Corey Griffin was indicted by the Montgomery County Grand Jury on April 7, 2006 for the offense of Robbery in the First Degree, in violation of § 13A-8-41, *Code of Alabama* 1975. The Honorable Virginia Lucci represented Mr. Griffin in this matter.
>
> On January 30, 2007, a jury found the Petitioner guilty of Robbery in the First Degree. On February 15, 2007, the Court conducted a sentencing hearing. The State moved to invoke the Habitual Offender Act as the defendant had 3 prior felony convictions. The Court then sentenced Petitioner to life in the penitentiary.
>
> The Petitioner filed a pro se Rule 32 Petition For Relief From Conviction or Sentence on October 30, 2008.
>
> Petitioner argues that the State failed to provide or disclose unspecified exculpatory information. The State complied with *Brady v. Maryland*, 373 U.S. 83 (1963), in that the Respondent was provided a copy of the complete case file. Additionally, the Petitioner provides no evidentiary facts to support his claim and therefore his claim is not sufficiently pleaded.
>
> The Petitioner also alleges that there was not sufficient evidence for the jury to find him guilty. This is an issue that is not a jurisdictional issue and not appropriate for a Rule 32 petition but rather should have been addressed on appeal. The Supreme Court of Alabama held in *Ex parte William Keith ROBEY*, that a challenge to the sufficiency of the evidence would not be

>   jurisdictional and would therefore be *precluded in a Rule 32 petition*. *Ex parte William Keith ROBEY*, 2004 WL 22757429 (Dec. 3, 2004). Accordingly, the Petitioner is precluded in making the argument that the evidence was not sufficient to accept his plea in his Rule 32 petition.
>
>   Finally, the Petitioner alleges that he was denied effective assistance of trial counsel. Apart from bare allegations by Petitioner, there is no evidence whatsoever to support Petitioner's claim of ineffective assistance of counsel. Where the petitioner failed to allege facts sufficient to support his allegations of ineffective assistance of counsel, summary dismissal of the petition was proper. *Boles v. State*, 717 So.2d 877 (Ala. Crim. App. 1998).
>
>   Upon consideration thereof, and having taken judicial notice of the Court's own records, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Petition is hereby **SUMMARILY DISMISSED** without an evidentiary hearing pursuant to Rule 32.7(d) of the Alabama Rules of Criminal Procedure.

*Exhibit 12*. Griffin did not file an appeal challenging the trial court's denial of his Rule 32 petition.

On March 11, 2009, Griffin initiated this 28 U.S.C. § 2254 action by filing a habeas petition in which he asserts the following claims:

1. The evidence was insufficient to sustain his conviction for first-degree robbery.

2. The indictment was void because the State "did not produce any handgun as read in the indictment."

3. "The record reflects prosecution and defense counsel['s] explicit agreement to exclude all Blacks from [the] jury panel[,] and [the] court's implicit agreement by permitting the parties to remove jurors without any reason and without use of peremptory challenges was a flagrant violation of the equal protection of the Fourteenth Amendment."

4. Trial counsel rendered ineffective assistance by –

    (a)    "fail[ure] to disclose material facts or misrepresentation of material facts";

    (b)    failing to investigate competency or request a competency hearing;

    (c)    failing to subject the prosecution to a meaningful adversarial challenge;

    (d)    failing to conduct pretrial discovery;

    (e)    failing to file a timely motion to suppress illegally obtained evidence; and

    (f)    failing to object to erroneous jury instructions.

*Doc. No. 1 (§ 2254 Petition) at pp. 5-8.*

In their answer to Griffin's petition, the respondents argue that all of his claims are procedurally defaulted because he failed to present the claims to the state courts in accordance with the State's procedural rules. *Doc. No. 9 (Answer) at pp. 6-21*. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (in order to provide the state courts with the requisit full and fair opportunity to address claims, "the petitioner [must] 'fairly present' his federal claims to the state courts in a manner to alert them that the ruling under review violated a federal constitutional right").

In arguing that Griffin's claims are procedurally defaulted, the respondents specifically assert that Griffin failed to properly exhaust in the state courts his claim challenging the

sufficiency of the evidence – either by raising this claim on direct appeal or in an appeal from the summary denial of his Rule 32 petition – and that, consequently, he is precluded from raising the claim in his federal habeas petition. *Doc. No. 9 at pp. 10-13*. The respondents further assert that because this claim can no longer be properly presented in the state courts – as the claim would be untimely as well as subject to preclusion under other provisions of Alabama's Rules of Criminal Procedure – "the exhaustion and preclusion rules coalesce into a procedural default of [the] claim." *Id. at p. 12*. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("[I]f the Petitioner failed to exhaust state remedies and the court to which Petitioner would be required to present his claims in order to meet the exhaustion requirement would no find the claims procedurally barred[,] there is a procedural default for purposes of federal habeas."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when a petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted); *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile.").

The respondents also assert that Griffin has procedurally defaulted his claim that his indictment was rendered void by the State's failure to "produce any hand gun as read in the indictment," because the claim has never been presented to the state courts, either on direct appeal or in his Rule 32 petition, and that any future attempts at exhaustion in the state courts would be futile under Alabama's procedural rules. *Doc. No. 9 at pp. 14-15*.

Next, the respondents assert that Griffin's claim alleging an "explicit agreement" between the prosecution and defense counsel "to exclude all Blacks from [the] jury panel[,] and [the] court's implicit agreement ... permitting the parties to remove jurors without any reason" is likewise procedurally defaulted because the claim was never presented to the state courts, either on direct appeal or in a Rule 32 petition, and that any future attempt to raise the claim in the state courts would be futile under Alabama's procedural rules. *Doc. No. 9 at pp. 16-18*.

Finally, the respondents assert that Griffin's allegations of ineffective assistance of counsel are procedurally defaulted, either because the specific claims of ineffective assistance he asserts in his habeas petition were never presented to the state courts (i.e., his claims alleging counsel's failure to investigate his competency or request a competency hearing, failure to conduct pretrial discovery, and failure to file a timely suppression motion), or because Griffin did not appeal from the trial court's denial of his Rule 32 petition in which the specific claims of ineffective were raised (i.e., the claims alleging counsel's "fail[ure] to disclose material facts or misrepresentation of material facts," failure to subject the prosecution to a meaningful adversarial challenge, and failure to object to erroneous jury instructions). *Doc. No. 9 at pp. 18-20*. The respondents maintain that because any further attempt to raise these claims of ineffective assistance of counsel in the state courts would be futile under Alabama's procedural rules, the claims are procedurally defaulted for purposes of federal habeas review. *Id. at pp. 19-20*.

On April 13, 2009, this court entered an order advising Griffin of his procedural

7

defaults and allowing him an opportunity to file a response addressing his defaults. *Doc. No. 10*. In his response, filed on April 23, 2009, Griffin maintained that he failed to appeal from the trial court's denial of his Rule 32 petition because he did not receive notice that the trial court had denied the petition; he further asserted that, had he known of the trial court's denial of his Rule 32 petition, he would have appealed that decision to the Alabama Court of Criminal Appeals. *Doc. No. 11*. This court subsequently entered an order directing the respondents to file a supplemental answer addressing Griffin's failure to appeal the dismissal of his Rule 32 petition. *Doc. No. 12*. The respondents' filed their supplemental answer on February 10, 2011. *Doc. No. 16*. Griffin was afforded an opportunity to file a response to the respondents' supplemental answer, but failed to do so.

Upon consideration of the § 2254 petition, the parties' submissions, the record, and the applicable federal law, the court determines that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the present habeas petition is due to be denied as the claims raised therein by the petitioner are procedurally barred from federal review.

## II.   DISCUSSION

The claims presented by Griffin in his petition for habeas corpus relief are, as the respondents assert, procedurally defaulted because Griffin failed to present these claims to the state courts in accordance with the State's applicable procedural rules. *See O'Sullivan*, *supra*, 562 U.S. at 845; *Henderson*, *supra*, 353 F.3d at 891; *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003). This court may reach the merits of Griffin's procedurally defaulted claims

"only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.*] *Sykes*, 433 U.S. [72,] 87 [(1977) ].... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*." *Henderson*, 353 F.3d at 892.

### A.     Cause and Prejudice

> "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id*.; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir. 2002).

*Henderson*, 353 F.3d at 892. In an apparent attempt to meet this burden – at least with respect to some of his defaulted claims[2] – Griffin maintains that he failed to appeal from the trial court's denial of his Rule 32 petition because he never received notice that the trial court had denied the petition; he further asserts that, had he known of the trial court's denial of his Rule 32 petition, he would have appealed that decision to the Alabama Court of Criminal Appeals. *Doc. No. 11 at pp. 1-2*.

---

[2]Clearly, the "cause" Griffin asserts for his procedural default is inapplicable to his claims that are defaulted because they were not raised at trial and pursued through the direct appeal process or that are defaulted because they were not presented in his Rule 32 petition.

The Alabama Rules of Criminal Procedure allow for the filing of an out-of-time appeal where, "without fault on the petitioner's part," a petitioner fails to appeal the trial court's denial or dismissal of a Rule 32 petition. *See* Ala.R.Crim.P. 32.1(f). A petitioner seeking an out-of-time appeal on this ground must do so through a second or successive Rule 32 petition filed with the trial court. *See Jenkins v. State*, 12 So.3d 166, 166-67 (Ala. Crim. App. 2008). A petition for relief on this basis must be filed with the trial court within "six (6) months from the date the petitioner discovers the dismissal or denial" of the previous Rule 32 petition. Ala.R.Crim.P. 32.2(c); see also *Hanna v. State*, 992 So.2d 77, 79 n.2 (Ala. Crim. App. 2007); *Wilson v. State*, 943 So.2d 803, 805 (Ala. Crim. App. 2006). Without question, Griffin was aware no later than April 23, 2009, when he filed his response to the respondents' answer, that the trial court denied his Rule 32 petition on December 24, 2008.[3] However, it is undisputed that Griffin has never filed a second Rule 32 petition with the trial court seeking an out-of-time appeal on the ground that he did not receive notice of the trial court's denial of his previous Rule 32 petition. It is clear, moreover, that any attempt by Griffin to seek such relief now would be untimely under the six-month window allowed by Ala.R.Crim.P. 32.2(c). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable availablity of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Griffin has not shown that

---

[3]Even assuming that Griffin was not previously aware that his Rule 32 petition had been dismissed, he was put on notice of this fact by the respondents' answer (filed April 19, 2009), in which the respondents' asserted Griffin's failure to appeal from the denial of his Rule 32 petition as a ground for procedural default. *See Doc. No. 9 at pp. 10-20*.

some external impediment prevented him from filing a timely second Rule 32 petition seeking an out-of-time appeal of the trial court's denial of his previous Rule 32 petition.[4]

Based on the foregoing, this court concludes that Griffin has not demonstrated cause for his failure to present his federal habeas claims to the state courts in compliance with applicable procedural rules. Accordingly, he has failed to overcome the procedural default of his claims. Nevertheless, this court may still reach the merits of Griffin's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

### B.     *Fundamental Miscarriage of Justice*

A federal court may grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986). A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *See Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The miscarriage of justice standard is directly linked to actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes

---

[4] This court has some question as to whether Griffin acted diligently in attempting to ascertain the status of the proceedings on his Rule 32 petition before filing his federal habeas petition. As the respondents note in their supplemental answer, Griffin would have the court believe – and accept as reasonable diligence – that he filed his federal habeas petition five months after filing his Rule 32 petition without inquiring with the state court clerk as to the status of his Rule 32 petition and apparently under the assumption that he had unexhausted claims still pending in state court. *See* Doc. No. 16 at p. 8.

that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Schlup v. Delo*, *supra*. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The standard exacted by *Schlup* "is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims." 547 U.S. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

      Griffin fails to make the requisite showing. Although he requests that the court address his procedurally defaulted claims under the fundamental miscarriage of justice exception (*see*

*Doc. No. 11 at p. 2*), he presents no evidence – nor suggests that any exists – that could satisfy the difficult standard set forth in *Schlup*. Consequently, his procedurally defaulted claims are foreclosed from federal habeas review

### III.     CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Griffin be DENIED.

2. This case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 17, 2011.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this  day of 3rd day of March, 2011.

                                    /s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE